**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
——————————————————————

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

                **v.**        **09-CR-203S(Sr)**

**ROBERT WESLEY,**

        **Defendant.**
——————————————————————

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M.

Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear

and report upon dispositive motions.  Dkt. #59.

## PRELIMINARY STATEMENT

The defendant, Robert Wesley (hereinafter, "defendant" or "Wesley"),

along with nineteen others was charged in a twenty-four count Indictment with having

violated Title 21, United States Code, Section 846, Title 21, United States Code,

Section 963 and Title 21, United States Code, Section 843(b).  Dkt. #1.  The defendant

was charged in three separate counts, Counts 1, 2 and 22.  *Id.*

Presently pending before this Court is the defendant's omnibus motion for

discovery, motion to dismiss Counts 1 and 2 of the Indictment, motion to suppress

electronic eavesdropping evidence and a motion to sever.  Dkt. ##165 and 228.  The

government has filed its response to defendant's omnibus motion for discovery, the

motion to dismiss, the motion to suppress, the motion to sever, as well as a motion for reciprocal discovery.  Dkt. #236.  This Court's Decision and Order and/or Report, Recommendation and Order with respect to defendant's motion to dismiss, motion to suppress and to sever will be addressed and filed separately.  What follows is this Court's Decision and Order with respect to the defendant's omnibus motion for discovery.

## DISCUSSION AND ANALYSIS

**Bill of Particulars**

The defendant seeks the following information with respect to Counts 1 and 2 of the Indictment: the exact date when defendant Wesley is alleged to have joined the conspiracy; the identity of all known, but unnamed co-conspirators; each individual with which defendant Wesley is alleged to have had an agreement with respect to the "conspiratorial goal;" the nature of the alleged agreements; whether it is alleged that defendant Wesley's knowledge of the possession and distribution of the controlled substance is actual or constructive; how defendant Wesley knew of the "possession and/or distribution of a substance containing cocaine"; the specific locations within the Western District of New York which the conspiracy took place; the other unnamed locations in which the conspiracy took place; the precise conduct of Wesley alleged to establish the elements of combination and agreement; the quality of methamphetamine distributed and possessed by Wesley; the basis for attributing the entire amount of controlled substances in Counts 1 and 2 to defendant Wesley; any

overt acts of the defendants; the exact date, time and place these offenses occurred; the exact amount of methamphetamine, 3,4 methylenedioxymethamphetamine, 1-benzylpiperazine and cocaine involved in the alleged distribution; identify the names of the alleged purchasers, any confidential informant and/or police officers or agents acting on behalf of the government; the location where the illegal drugs were possessed by defendant Wesley; and, the manner in which it is alleged defendant Wesley possessed illegal drugs with the intent to sell.  Dkt. #165, pp.4-5

With respect to Count 22, defendant Wesley seeks the following information, the phone company and owner(s) of the phone used; the exact date, time and place the calls were alleged to be made; the name and owner of the phone; and the name of any individual present when the phone was used and whether the individual was a government employee, agent or informant.  Dkt. #165, p.6.

As a threshold matter, in its response the government maintains that defendant Wesley has failed to offer any specific facts, reasons or legal authority, to justify a finding that further particularization is necessary.  The government further states,

> [t]he Indictment notifies defendants that they are alleged to be involved with more than fifty (50) grams of a mixture and substance containing methamphetamine, a Schedule II controlled substance, a substance containing 3,4-methylenedioxymethamphetamine (MDMA0, a Schedule I controlled substance, and a substance containing 1-benzylpiperazine (BZP), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 841(b)(1)(C).  Drug weight is a

> typical evidentiary matter not subject to particularization on speculation that particulars will prevent a defendant from experiencing some unfair surprise or future jeopardy.  . . . With the extensive disclosures and discovery produced by the government in this case, and the additional information that defendants will receive in advance of trial, there is no risk that they will be surprised or at risk of future jeopardy without bills of particulars as to more exact drug quantities.

Dkt. #236, pp.7-8 (internal citations omitted).


Specifically, with respect to defendant's request for a bill of particulars concerning the development of the conspiracies charged in Counts 1 and 2, the government maintains that it is not required to furnish details concerning the formation of a conspiracy, including when and how it was formed and when a particular defendant joined, because those details need not be proven at trial.  Dkt. #236, p.10.  With respect to defendant's request for detailed information relating to specific overt acts alleged in furtherance of the conspiracies charged in Counts 1 and 2, the government argues that details such as the exact time and place of the overt acts and names of persons present are not properly the subject of a bill of particulars.  *Id*. at p.11. Moreover, the government states that, "[t]he information in the Indictment, coupled with the discovery materials, which includes transcripts of defendant['s] intercepted conversations and many narrative reports of the investigation, more than adequately inform defendant[ ] of the facts essential to the pending charges."  *Id*. at p.12.  Finally, in its conclusion concerning defendant's request for a bill of particulars, the government states, "[b]ecause defendant will be provided with full discovery, exculpatory and impeachment material, a witness list, and exhibit lists, including 3500 materials, well in

advance of trial, [he] will not be surprised by the evidence against [him] or be subject to future jeopardy in a way that might otherwise justify ordering the particulars sought." *Id*. at p.13.

With respect to defendant Wesley's request for a bill of particulars revealing the identity of any co-conspirators, the government states that defendant Wesley knows the identity of his charged co-conspirators and "will learn more identities as trial preparations continue, to include disclosure of impeachment and so-called 3500 material." Dkt. #236, p.10.  The government adds, "[t]he criminal investigation is continuing, and that investigation could be compromised if we were required to identify persons who might be charged or even questioned. The government likely will not object to later requests for disclosure of the identities of unindicted co-conspirators as trial approaches, however." *Id*.

It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.  Accordingly, defendant's request for a bill of particulars is denied.

> A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

***Giglio* Material**
***Brady* Material**

In two separate requests the defendant is seeking the disclosure of *Brady* and *Giglio* material. Dkt. #165, pp.6 and 8. In its response the government states,

> [t]he government believes it is complying with its obligations to provide this potentially exculpatory information to defendants. Specifically, we are aware of no evidence that a defendant was operating under duress, as a result of coercion, or under imperfect duress of coercion. . . . As a practice, the government discloses directly exculpatory information as soon as we become aware of it, and are complying with the obligation to disclose exculpatory

> material to permit defendants to make effective use of the
> material before trial. To the extent that additional Brady and
> impeachment material becomes known to the government,
> we will endeavor to disclose it sufficiently in advance of the
> proof for the information to be effectively useful to
> defendants.

Dkt. #236, pp.26-28.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Early Disclosure of *Jencks* Act Material**

By this request, the defendant seeks the early disclosure of witness statements pursuant to Title 18, United States Code, Section 3500.  Dkt. #165, p.7.  In its response, the government states,

> [t]he United States opposes defendant['s] request for immediate disclosure of <u>Jencks</u> Act material, and will comply in this case with our practice and that of the trial court to disclose witness statements before trial.  That practice should be followed because [the] defendant[ ] [has] failed to make any showing of good cause for the extraordinary, expedited relief sought. . . . Nonetheless, the government agrees to provide witness statements required by Title 18, United States Code, Section 3500, at the time set by the trial court according to its usual practice.  However, the government reserves the right to withhold witness statements until a witness has completed direct testimony where production of that statement before trial would expose the witness to retaliation or endanger the witness or his/her family.

Dkt. #236, pp.28-29.

As noted above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his or her direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has

adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied.  Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Identity of Informants**

The defendant requests the disclosure of the identity and addresses of any government informants.  Dkt. #165, p.8.  In its response, the government states that such disclosure is unwarranted at this time.  Dkt. #236, p.29.  The government further states that,

> Any further requests for disclosure of informants should be denied, and any further requests for disclosure, identity, impeachment material, etc., should properly be addressed through the Brady and Jencks Act materials which will be provided to defendant[ ].

*Id*. at p.31.  In order to be entitled to the requested information, the defendant must sufficiently state a basis for requiring the disclosure of this information or that the

testimony of the informant would be of even marginal value to the defendant's case.

Moreover, the Court notes that the holding of the Court of Appeals for the Second

Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S.

1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to

the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested.  But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997).  In support of his request, the defendant argues that in order to prepare an adequate defense, it is necessary that informant identities be revealed so that counsel may attempt to interview them and otherwise investigate their allegations, biases and benefits derived from cooperating with the government.  Dkt. #165, p.8. Without more, the Court finds that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case.  Accordingly, defendant's request is denied without prejudice.

Finally, the defendant further states, "[i]n the event the Government should decline to identify these informants, your deponent requests an *in camera* review to evaluate the competing interests in such disclosure." *Id*. In addition to the foregoing, in its response, the government states,

> [i]n order to avoid baseless litigation of <u>Roviaro</u> claims, courts require a defendant seeking disclosure to present some concrete justification for the request. The Second Circuit has stated that '(t)he defendant bears the burden of establishing the need for disclosure, . . . and this requires some demonstration that in the absence of such disclosure the defendant will be denied a fair trial.'

Dkt. #236, p.30 (internal citations omitted). Here, the defendant makes no effort whatsoever to satisfy his obligation to offer "concrete justification for the request." Without more, the Court finds that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Accordingly, defendant's request is denied without prejudice.

**Discovery**

**Statements of Defendant, Uncharged Co-defendants and Co-Conspirators**

The defendant seeks the production of "any written, recorded, oral or observed statement of the defendant (and of any co-defendant or co-conspirator, whether charged or not) including all notes, summaries, or memoranda concerning such statements. . . . " Dkt. #165, p.9. Additionally, the defendant seeks the production of "any transcript of testimony relating to the criminal action or [sic] pending against the

-12-

defendant, given by the defendant, or any agent or employee of the defendant (or by any codefendant whether charged or not) . . . " *Id*. Finally, defendant seeks the production of "any statement by any codefendant or coconspirator whether or not the prosecutor intends to introduce the same at trial." *Id*. In its response, the government states in pertinent part, "[s]ince the Indictment, the United states has complied and intends to continue to comply with the requirements of Rule 16. To that end, the United States has provided comprehensive voluntary discovery, including but not limited to, defendant's statements . . . " Dkt. #236, p.13. Based on the representations made by counsel for the government the defendant's request is denied as moot.

With respect to the defendant's request for statements made by "co-defendant or co-conspirator whether charged or not," the Court notes that the phrase "uncharged co-defendant" is legally incorrect insofar as a co-defendant, as that term suggests, must, in order to be a "co-defendant," be "charged." For purposes of addressing this request, the Court will treat the request as one for the production of witness statements. The Court notes that defendant separately requests the early disclosure of *Jencks* Act material. The Court notes that defendant's request for witness statements, also known as, *Jencks* Act material, is addressed separately above.

**Co-conspirator Statements**

With respect to that portion of the above-quoted request which seeks co-conspirator statements, the government opposes such requests on the grounds that the

statements requested are "well beyond the scope of the definition of a defendant's statements in Rule 16(a)(1)(A) through (c) and are not subject to pretrial disclosure under well-settled law." Dkt. #236, pp.15-16. The government further asserts,

> testimony of out-of-court co-conspirator statements during the course of and in furtherance of a conspiracy is not hearsay testimony; co-conspirator statements are admissions of a party opponent that are specifically excluded from the definition of hearsay. The government as a general matter does not expect to use co-conspirators' statements that may be hearsay because those statements were not made during the course of and in furtherance of a conspiracy, in any event.
>
> * * *
>
> Certainly, the United States will proffer evidence in support of the admission of out-of-court co-conspirator statements at the time designated by the trial court. Because defendants offer no legal authority or practical justification for an early proffer or discovery of hearsay statements that may be used during a proffer for a Rule 104(a) ruling that a statement is admissible as a co-conspirator statement pursuant to Rule 801(d)(2)(E), their motions seemingly seeking an order requiring that disclosure should be denied. In any event, denial of the motions at this time will not prejudice defendants, as we expect there will be timely disclosure of documents and 3500 material that is more than sufficient to support a preliminary finding of a foundation for admission of any co-conspirator statements, according to the schedule to be set by the trial court.

*Id*. at pp.16-17.

Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. As a result,

-14-

defendant's request in this regard is denied.  Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.

**Witnesses**

The defendant requests that the government disclose the names and addresses of all witnesses to the events which form the basis for these charges.  Dkt. #165, p.9.  In its response, the government states that Rule 16 does not authorize a defendant to seek a list of the names or identities of government witnesses before trial. Dkt. #236, p.22.  Although the government notes that a court has discretion to compel pretrial disclosure of the identity of government witnesses after a defendant makes "a specific showing that disclosure [is] both material to the preparation of his defense and reasonable in light of the circumstances surrounding his case."  *Id*.  Notwithstanding the foregoing, the government further states, "[b]ecause defendant will receive a witness list reasonably in advance of trial and [has] not shown any need to receive one sooner, [his] motion should be denied."  Dkt. #236, p.23.  Because the defendant has failed to demonstrate that pretrial disclosure of the government's witness list is both material and reasonable, defendant's motion is denied.

**Names of Law Enforcement Personnel**
**Federal Documents**
**Law Enforcement Documents**

In three separate requests, the defendant seeks the names of all law enforcement personnel present when the defendant was taken into custody, when any

statement attributed to the defendant was made or recorded and at any search performed in connection with this case.  Dkt. #165, p.9.  In addition, the defendant is seeking copies of all documents, police reports, notes, or memoranda prepared or maintained by police officials containing information relating to this case including, but not limited to: copies of all search and/or arrest warrants and supporting affidavits; tape recordings, dispatcher logs, transcripts or memoranda recording any police communications; any notes by police officials concerning the investigation; "grand jury referral forms"; "copies of any written manuals, instructions, operational checklists or test guidelines, pertaining to the chemical test used to test the controlled substances"; and, any portion of any police department manual, directive, or policy statement governing police conduct of this investigation.  Dkt. #165, pp.10-11.

With respect to the defendant's request seeking the identity of law enforcement present at certain points during the investigation, the Court refers to the discussion above concerning the defendant's request for the revelation of the names and addresses of government witnesses.  To the extent that certain of the law enforcement personnel who may have been present for the events listed above and the government does not intend to call any of those individuals as a witness, that request is also denied for the same reasons articulated above denying defendant's request for the identification of the government's witnesses.

With respect to the defendant's request for Federal documents and law enforcement documents, the government opposes the defendant's requests seeking a

"blanket order requiring disclosure of all documents that even defendants concede are exempted [sic] from or not subject to disclosure under Rule 16 and that are subject to disclosure, if at all, only later as 3500 materials." Dkt. #236, pp.19-20. The government further notes that it is the trial court's practice to set a deadline for disclosure of 3500 and related materials. Furthermore, the government argues that absent a showing of good cause, the usual practice established by the trial court should be followed. *Id*. at p.20.

As discussed above, with respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witness statements, the defendant's request is denied. Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v.*

*Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.


**Tapes, Photographs**

In five separate requests, the defendant seeks copies of all photographs, drawings, video or audio tapes and CDs or other electronic recordings.  Dkt. #165, p.10. In addition to the foregoing, with respect to photographs and drawings, the defendant specifically requests those used for identification purposes.  In its response, the government states that it has provided "comprehensive voluntary discovery, including, but not limited to, . . .  photographs."  Dkt. #236, p.13. More specifically, with respect to identification evidence, the government states, "[t]he United States has and will disclose information relating to pretrial identification procedures to defendant counsel during discovery.  At this time, the government does not expect to introduce at trial evidence of any pretrial identifications from photo arrays, photo show ups, or videotape."  Dkt. #236, p.19.  Based on the representations made by counsel for the government that the requested items have either been provided or that the items have been made available to the defendant, defendant's request is denied as moot.


**Physical Evidence**

By this request the defendant seeks, "an itemized description of any property recovered or seized during the investigation of the charges, the person or place from which the property was taken, the person effecting such seizure or receiving

the property, the date or dates the property was seized or recovered, and whether such

seizure was pursuant to a warrant ." Dkt. #165, p.11.  In its response, the government

maintains that it has and continues to comply with the requirements set forth in Rule 16

of the Federal Rules of Criminal Procedure.  Moreover, the government states,

> the United States has provided comprehensive voluntary
> discovery, including, but not limited to, defendants'
> statements, reports, photographs, recordings of court-
> authorized intercepted communications, criminal records of
> each defendant to that defendant, transcripts of intercepted
> communications, laboratory reports, and eyewitness
> identifications.  As the government identifies any other
> evidence which falls within the scope of Rule 16, it will
> provide that evidence to defense counsel, thereby
> continuing to comply with its disclosure duties in Rule 16(c).
> The government has notified defendants that it may
> introduce all of this evidence at trial.

Dkt. #236, pp.13-14 (internal footnote omitted).  Based on the representations made by

counsel for the government, the defendant's request is denied as moot.


**Disclosure of Experts**

The defendant seeks the disclosure of the name and field of expertise of

each person that the government intends to call at trial as an expert witness, including

the field and subject matter of the expert's expected testimony, a copy of the resume or

*curriculum vitae* of the expert, for each scientific examination or test performed, the

name, author, and chapter of any reference manual or authoritative text referred to or

relied upon and, the information relating to any other case in which the particular expert

may have testified on behalf of the government.  Dkt. #165, p.12.  In its response, the

government states, "the government expects to provide disclosure of the credentials

and methods used by the forensic chemists during their analyses and in support of their expert opinions.  The government reserves the right to offer the testimony of other experts, and if the government decides to use such an expert, it will comply with Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705."  Dkt. #236, p.26. Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.


### Defendant's Criminal Record

By this request, the defendant is seeking a copy of his criminal record. Dkt. #165, p.12.  The Court notes that the defendant makes a separate request pursuant to Rule 404(b) of the Federal Rules of Evidence and that request will be addressed below.  The government states in footnote three of its response, "[t]he government provided a copy of the criminal history for each defendant when counsel appeared in court on that defendant's behalf."  Dkt. #236, p.14, n.3.  Accordingly, based on the representations made by counsel for the government concerning the defendant's prior criminal record, defendant's request is denied as moot.


### Scientific

In four separate requests, including numerous sub-requests, the defendant seeks the reports of all physical or mental examinations and scientific tests or experiments relating to this case.  Dkt. #165, pp.12-13.  In its response, the government states,

> [t]he United States will disclose all materials that are
> discoverable under Fed.R.Crim.P. 16(a)(1)(F), which are in
> the possession of the government.  The United States has
> laboratory reports concerning the forensic analysis of seized
> controlled substances and has complied with Fed.R.Crim.P.
> 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705.  The
> government timely will provide the chemists' credentials and
> methods of analysis, to permit evaluation and cross-
> examination by defendants, in the event that a defendant
> declines to stipulate that the controlled substances are as
> they have been identified during chemical analysis.

Dkt. #236, p.18.  In a separate response concerning expert witnesses, the government

adds that, "the government expects to provide disclosure of the credentials and

methods used by the forensic chemists during their analyses and in support of their

expert opinions.  The government reserves the right to offer the testimony of other

experts, and if the government decides to use such an expert, it will comply with

Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705."  *Id*. at p.26.


        Based on the representations made by the government that it has and will

continue to comply with its disclosure obligations as set forth in the Federal Rules of

Criminal Procedure and the Federal Rules of Evidence, the defendant's request is

denied as moot.


**Rule 404(b), 608 and 609 Material**

        In his request, the defendant states,

> [p]ursuant to Rules 12(b)(4), (d)(1) and (2) of the Federal
> Rules of Criminal Procedure, and Rules 104(a) and 404(b)
> of the Federal Rules of Evidence, Mr. Wesley respectfully
> requests that the government notify him of any evidence that

the government contends would be admissible under Rule
404(h) [sic] of the Federal Rules of Evidence.

Mr. Wesley also requests pretrial disclosure of any evidence
the government intends to use to impeach Defendant's
credibility if he should choose to testify.  In the event that
[sic] government intends to use such evidence, the
defendant requests a pretrial hearing to determine the
admissibility of such evidence.

Dkt. #165, p.14.   In its response, the government states that,

[t]he government expects to timely disclose evidence that
might fall within the ambit of Fed.R.Evid. 404(b), 608(d) and
609.  The government intends to seek to introduce at trial
evidence of this activity, as well as similar activity. ... In this
case, defendants have not advanced any concrete reason
for early disclosure of Rule 404(b) evidence and, therefore,
their request should be denied, without prejudice.  The
government will disclose evidence in its possession that
might fall within Fed.R.Evid. 404(b), 607, 608 and 609, and
provide notice of its intention to rely upon such evidence
when ordered to do so by the trial court.  Specifically, at this
time, the government is unaware of any evidence within the
ambit of Fed.R.Evid. 609, which could be used at trial to
impeach the credibility of defendants upon cross-
examination.  With respect to the disclosure of evidence
which falls within Fed.R.Evid. 608, the government notes
that it has no obligation to provide a defendant with any
information that could be used to impeach him pursuant to
Rule 608, should he elect to testify.  Furthermore, the
government preliminarily notifies defendants that it intends
to introduce at trial, pursuant to Rule 404(b), all prior criminal
conduct acts or wrongs to show proof of a defendant's
motive, opportunity, intent, preparation, plan, knowledge,
identity, and the absence of mistake or accident. ... The
government will provide defendants with more definitive
notice of its intent to rely on Rule 404(b) evidence when
directed to do so by the trial judge, or during trial, if pretrial
notice is excused for good cause.

Dkt. #236, pp.24-25.

-22-

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added). Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as moot. The Court notes that the issue of admissibility of such evidence pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

With respect to the defendant's request pursuant to Rule 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied. With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

-23-

**Joinder**

The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #165, p.15.  This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Submit Further Motions**

By this request, the defendant requests permission to submit "additional motion [sic] and/or to supplement the enclosed motion."  Dkt. #165, p.15.  This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has made a request for reciprocal discovery.  Dkt. #236, p.94.  The government has requested that the defendant permit it to inspect and copy all books, papers, documents, photographs and other tangible objects which the defendant intends to introduce as evidence-in-chief at the trial.  In addition, the government seeks to inspect all reports of physical or mental examinations and of scientific tests or experiments,

-24-

within the possession or control of the defendant along with written summaries of expert witness testimony that the defendant intends to use at trial.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
               June 30, 2010

                                       *s/ H. Kenneth Schroeder, Jr.*
                                       **H. KENNETH SCHROEDER, JR.**
                                       **United States Magistrate Judge**